IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:21-cr-127 |
| v. | : Judge Jeffery P. Hopkins |
| STEFFEN ROBERSON (1), | : |
| *Defendant.* | : |

**ORDER**

This matter is before the Court on Defendant Steffen Roberson's Motion to Terminate Supervised Release (Doc. 354). Just over a year ago, on October 30, 2023, this Court sentenced Roberson to time served followed by a term of five years supervised release. Roberson now asks that the Court terminate the balance of that supervised release term on the basis that he has not violated any conditions of his release, has paid all outstanding fines and costs, and has been law abiding. Doc. 354, PageID 3508. The Government opposes this request. *See* Doc. 358. For the reasons set forth below, Defendant's Motion is **DENIED.**

    **I.    LAW & ANALYSIS**

If a defendant has surpassed one year on supervised release,[1] 18 U.S.C. § 3583(e)(1) provides that the district court may, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate supervised release if the court "is satisfied that such action is warranted by the conduct of the

---

[1] As the Government highlights in its Opposition (Doc. 358), at the time Roberson filed his Motion, he had yet to surpass one year of supervised release. However, given that he has since surpassed the one-year threshold under 18 U.S.C. § 3583(e)(1), the Court will consider the merits of his request.

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Along those same lines, the Sixth Circuit acknowledged in *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) that "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

The applicable factors set forth in § 3553(a) do not warrant early termination in this case. The nature and circumstances of the offense and the history and characteristics of the defendant weigh in favor of continued supervision. *See* 18 U.S.C. § 3553(a)(1). Roberson was the leader of a large drug trafficking organization that operated in the Cincinnati area. When executing two of the searches in this case at two separate locations associated with Roberson, law enforcement recovered heroin/fentanyl packaged for distribution, multiple cell phones, U.S. currency, a kilogram press, digital scale, and a firearm. Doc. 189, PageID 1959. As demonstrated by his lengthy criminal history, Roberson also has several prior convictions for drug trafficking and possession. This Court ultimately sentenced Roberson to time served based on the parties' binding plea agreement and the unique circumstances of this case. Even considering the time that Roberson served prior to sentencing, a sentence of time served was substantially less than that recommended by the U.S. Sentencing Guidelines. Based on his total offense level and criminal history category, the Guidelines recommended 135–168 months imprisonment and *at least three years of supervised release*. *See* Doc. 246. For that reason, § 3553(a)(4) also does not favor early termination of Roberson's supervised release.

The two next factors, § 3553(a)(2)(B) and § 3553(a)(2)(C), likewise weigh against early termination. Roberson has served just over a year of supervised release—which is about twenty percent of his five-year term. For many of the same reasons articulated at sentencing,

a five-year term of supervised release remains necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of this defendant.

Additionally, although Roberson represents in his Motion that he has not violated any conditions of his release, this Court received a Petition from the Probation Office on October 23, 2024, indicating that Roberson is alleged to have violated the mandatory condition of supervision requiring that he refrain from any unlawful use of a controlled substance. *See* Doc. 361. The Petition alleges that Roberson has tested positive for mood-altering substances on *at least five occasions*—all but one predating his Motion—and that he failed to report to drug screens on two occasions in April and June 2024. This Court ultimately elected to grant an exception to revocation on the belief that Roberson can benefit from continued substance abuse treatment. Based on these facts, § 3553(a)(2)(D) weighs in favor of continued supervision in order to provide Roberson with needed substance abuse treatment in the most effective manner.

Beyond the consideration of these and the remaining applicable § 3553(a) factors, the Court has also considered whether early termination is warranted by Roberson's behavior and in the interest of justice. The Court finds that it is not. Even setting aside the alleged supervised release violation, complying with the conditions of supervised release is the expectation, and does not rise to the level of exceptionally good behavior. *Atkin*, 38 F. App'x at 198. Furthermore, as noted above, Roberson received a custodial sentence that was significantly below the Guidelines. The Court found such a sentence to be appropriate based on the unique circumstances of this case and when considered alongside a five-year supervised release term. Thus, early termination is not in the interest of justice.

## II. CONCLUSION

For these reasons, Defendant Roberson's Motion to Terminate Supervised Release (Doc. 354) is **DENIED**. Roberson remains subject to his five-year supervised release term under all the standard and special conditions that were previously imposed by this Court.

**IT IS SO ORDERED.**

November 26, 2024

Jeffery P. Hopkins
United States District Judge